UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 10 C 5075 |
| RICHARD LOPEZ, | ) | (07 CR 580-1) |
| Defendant. | ) | |
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| vs. | ) | 10 C 5077 |
| DAVID RODRIGUEZ | ) | (07 CR 580-4) |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on petitions of Richard Lopez ("Lopez") and David Rodriguez ("Rodriguez") to vacate, correct, or set aside their sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons set forth below, the motions are denied.

---

[1] Several other motions are pending before the Court. Both Petitioners requested an evidentiary hearing pursuant to Section 2255. Lopez also moved to set bail pending final resolution of his habeas petition. However, as discussed in the present ruling, Petitioners are not entitled to relief under Section 2255. Accordingly, their motions are denied as moot.

## BACKGROUND

Lopez and Rodriguez (collectively, "Petitioners") are former employees of Warehouse, Mail Order, Office, Technical and Professional Employees Union, Local 743 of the International Brotherhood of Teamsters ("Local 743"). Lopez, Rodriguez, and several other Local 743 employees were investigated for conspiring to rig, through the use of United States mails, the October and December 2004 elections of Local 743's officers. On March 6, 2008, a federal grand jury returned a multi-count indictment charging Petitioners and other defendants with conspiracy to commit mail fraud and theft from a labor organization, 18 U.S.C. § 371, four counts of mail fraud, 18 U.S.C. §§ 2, 1341, 1346, and multiple counts of embezzling, stealing, and unlawfully and willfully abstracting and converting to their own use, and to the use of others, the property and other assets of a labor organization, 29 U.S.C. §§ 2, 501(c). After several continuances, trial as to both defendants commenced on April 6, 2009. At the close of all evidence, a special verdict form, listing the counts with which each defendant was charged in the indictment, was submitted to the jury. On May 1, 2009, the jury entered guilty verdicts for both defendants.

Lopez was convicted of one count of conspiracy to commit mail fraud and theft of union property, two counts of mail fraud, and one count of theft from a labor organization. With respect to the mail fraud counts, the jury found Lopez guilty on the

basis of two separate liability theories. According to the special verdict form, Lopez was found guilty of engaging in a scheme to defraud victims "of money or property" and "of the intangible rights to honest services." Rodriguez was convicted of two counts of mail fraud and three counts of theft from a labor organization. The special verdict form also encompassed both theories of liability: Rodriguez was found guilty of engaging in a scheme to defraud victims "of money or property" and "of the intangible rights to honest services." On August 27, 2009, Lopez and Rodriguez were respectively sentenced to 24 and 18 months' imprisonment, all counts running concurrently.

On June 24, 2010, the Supreme Court vacated the conviction of Jeffrey Skilling, former chief executive officer of the bankrupt corporation Enron, by holding that the "honest services" mail fraud statute criminalizes only bribes and kickbacks. *Skilling v. U.S.*, 130 S. Ct. 2896, 2933 (2010). The Supreme Court's decision prompted Lopez and Rodriguez to argue that in the aftermath of *Skilling* their sentences should be set aside. On August 12, 2010, Lopez and Rodriguez brought separate petitions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. We consolidated the two cases and we now decide them together.

**LEGAL STANDARD**

Section 2255 permits a prisoner to ask the sentencing court to vacate, set aside, or correct a sentence after direct review is completed on the grounds that the sentence

was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. Such collateral relief is only available where the sentence involved a constitutional error or results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). In evaluating a Section 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

**DISCUSSION**

Petitioners challenge the instructions given to the jury in this case. More specifically, they argue that *Skilling* ruled that the "intangible right of honest services" was unconstitutional and as a consequence the Government improperly presented to the jury an invalid theory of liability. Petitioners ask that, on that basis, we vacate their sentences. We first address the appropriate standard of review.

**I.     Harmless-Error Analysis**

A "constitutional error occurs when a jury is instructed on alternative theories of guilt and returns a [] verdict that may rest on a legally invalid theory." *Skilling*, 130 S. Ct. at 2934 (2010). However, such a jury instruction error does not automatically equate to vacation of the conviction because it is subject to harmless-error analysis. *Id*. Pursuant to the harmless-error standard, which applies on collateral review, an instructional error will result in reversal only if, in light of the record as a whole, the

error had a "substantial and injurious effect or influence in determining the jury's verdict." *Hedgpeth v. Pulido*, 555 U.S. 57, 57 (1993); *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). Under this standard, habeas petitioners are not entitled to habeas relief on trial error unless they establish that the error resulted in "actual prejudice." *Brecht*, 507 U.S. at 637; *Carter v. DeTella*, 36 F.3d 1385, 1392 (7th Cir. 1994). In addition, unless the habeas court has "grave doubt" as to the harmlessness of the constitutional error, the petitioner will not obtain relief. *Jones v. Basinger*, — F.3d —, 2011 WL 1184170, at *17 (7th Cir. 2011). In applying this test, "the habeas court [must] evaluate to some extent the probability of the outcome if the case were tried under proper instructions." *Toney v. Peters*, 48 F.3d 993, 998 (7th Cir. 1995). In light of these principles, this Court determines whether the instructional error had a substantial and injurious effect or influence on the jury's verdict.

## II. The Jury Instructions

Petitioners ask that this Court vacate their convictions because *Skilling* ruled the "intangible right of honest services" unconstitutional and, as a result, the Court improperly instructed the jury on the mail fraud counts. We find Petitioners' argument meritless for several reasons. First, Petitioners were not solely convicted on mail fraud counts. In addition to his conviction on mail fraud counts, Lopez was found guilty of one count of conspiracy to commit mail fraud and theft of union property, and guilty of

one count of theft of union property. Rodriguez was found guilty of three counts of theft from a labor organization in addition to the mail fraud counts. Those counts did not rely on the "intangible right of honest services" doctrine. Therefore, their convictions can stand on that basis alone.

The conspiracy charge that the jury considered in this case had two objects as outlined in the indictment. One of the objects of the conspiracy was to commit mail fraud; the other object of the charged conspiracy was to commit theft of union property. The jury was instructed as to both objects of the conspiracy and found that Lopez conspired to commit mail fraud *and* conspired to commit theft of union property.

Similarly, the mail fraud scheme charged a scheme to defraud Local 743 of its money and property and its members of the intangible right to honest services of Robert Walston, an officer of the Local, and Lopez, another officer of the Local. As in the conspiracy instructions, the jury was instructed as to both objects of the charged scheme, that is, the theft of money and property *and* of the honest and faithful services of the identified union officers. The jury found, by its verdict, that both of the objects of the mail fraud scheme had been proven as to the Petitioners beyond a reasonable doubt.

Second, *Skilling* did not entirely strike down the "honest services" doctrine as Petitioners suggest. Section 1346 prohibits individuals from carrying out "a scheme or

artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. Because of the vagueness of the "honest services" concept, the Supreme Court narrowed the scope of the "honest services" mail fraud to kickback and bribery schemes. *Skilling,* 130 S. Ct. at 2931. While other forms of proscribed conduct, such as breaches of fiduciary duties, were abrogated by the Supreme Court, the category of kickback and bribery schemes remained intact. *Id*.

Finally, Petitioners cannot overcome one important legal obstacle. Petitioners correctly assert that they were unlawfully convicted on the "honest services" basis. Their conduct did not involve bribery or kickbacks and therefore a conviction based on the "intangible right of honest services" theory constitutes a constitutional error. The Government, however, argues that even if Petitioners' convictions cannot be sustained on a honest services liability premise, it can still be sustained on a money-or-property premise. In the instant matter, the Court specifically instructed the jury on an alternative "money-or-property" theory. Without objection by any of the trial defendants, the jury was presented with a special verdict form. After deliberations, the jury returned the form indicating that Lopez and Rodriguez had engaged in a scheme to defraud Local 743 "of the intangible right of honest services" and "of money-or-property." Because of the special verdict form, we are certain that the jury found the Petitioners guilty of honest services fraud as well as, not instead of, money-or-property fraud.

The "money-or-property" fraud is rooted in Section 1341 which criminalizes the use of mail to execute a "scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses," 18 U.S.C. § 1341. The Supreme Court clearly indicated that the "money-or-property" fraud theory remains a valid basis of prosecution. *Skilling*, 130 S. Ct. at 2934. It is therefore not open to doubt, let alone grave doubt, that the instructional error did not have a substantial effect or influence on the jury's verdict. There is sufficient evidence to sustain a conviction for mail fraud under the money-or-property charge. Since the jury was separately and specifically instructed on a valid theory of money-or-property - a theory that is coextensive with and an integral part of the honest-services theory - the fact that it received an erroneous instruction is irrelevant and harmless. *See U.S. v. Black*, 625 F.3d 386 (7th Cir. 2010) (submission of honest services fraud charge to the jury did not contaminate defendant's conviction for obstruction of justice because evidence was sufficient to convict defendant); *see Moore v. U.S.*, 865 F.2d 149 (7th Cir. 1989) (upholding a conviction under honest services theory although jury was not instructed that the defendant's public bid-rigging scheme deprived the victim of money or property); *see U.S. v. Wellman*, 830 F.2d 1453, 1463 (7th Cir. 1987) (finding that instructional error on intangible right of honest services theory was harmless because jury was instructed on a valid money-or-property theory); *see Ryan v. U.S.*, No. 10 C 5512, 2010 WL 5495015

(N.D. Ill. Dec. 21, 2010) (upholding conviction on mail fraud counts because error in instructing the jury on honest services fraud was harmless). Accordingly, Petitioners' motions to vacate, set aside, or correct their sentences are denied.

## CONCLUSION

Based on the foregoing analysis, Petitioners' motions are denied. All other motions pending before the Court are denied as moot.

_____
Charles P. Kocoras
United States District Judge

Dated:   April 29, 2011